IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Terrance Adams, <br><br> Plaintiff, <br><br> vs. <br><br> Dale Hunt, Jr.; Warren Barney Giese; Richard Cathcart, Joanna McDuffie; Brian Stirling; Henry McMaster, and John P. Meadors, <br><br> Defendants. | C/A No.: 3:18-cv-01729-JFA <br><br><br> **ORDER** |

The *pro se* Plaintiff, Terrance Adams, a state prison inmate, initiated this action pursuant to 42 U.S.C. § 1983 alleging that he was wrongfully convicted of first-degree burglary,[1] asserting that false evidence was used to obtain the arrest warrant and indictment.

Plaintiff seeks damages in the amount of $150,000.00 for each year he is incarcerated on the contested conviction. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.[2]

---

[1] This Court takes judicial notice of information concerning Plaintiff's conviction and sentence located on SCDC's Incarcerated Inmate Search website, showing that Plaintiff is currently incarcerated on numerous Richland County convictions, including the first-degree burglary conviction of which he alleges was a wrongful conviction. *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F.Supp.2d 615, 631–33 & n. 14–15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F.Supp.2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2] Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 7). Thus, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint (ECF No. 1) if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the pleadings, the Magistrate Judge assigned to this action[3] prepared a thorough Report and Recommendation ("Report") and recommends summary dismissal of this case based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 26). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 14, 2018. (ECF No. 26). Plaintiff filed objections to the Report on August 29, 2018. (ECF No. 30). Plaintiff then filed two more documents labeled objections on (1) August 31, 2018 (ECF No. 32); and (2) October 4, 2018 (ECF No. 35). Thereafter, Plaintiff filed an additional seven "supplemental objections" or "additional attachments" on the following dates: (1) November 5, 2018 (ECF No. 37); (2) November 7, 2018 (ECF No. 38); (3) November 26, 2018 (ECF No. 39); (4) November 30, 2018 (ECF No. 40); (5) December 21, 2018 (ECF No. 41); and (6) January 4, 2019 (ECF No. 42); (7) January 11, 2019 (ECF No. 44). In sum, Plaintiff has filed ten documents labeled either objections, supplements to objections, or additional attachments thereto. The Court will consider all ten filings. Thus, this matter is ripe for review.

---

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## II.     DISCUSSION

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's Complaint, which seeks damages for an allegedly wrongful criminal conviction, is subject to summary dismissal.

This Court has attempted to review all of Plaintiff's "objections" in his ten filings and the attachments thereto, and finds that Plaintiff has failed to make any specific objections to the Report. To the contrary, Plaintiff merely recites the circumstances that led him to bring this action, which is largely a reassertion of information he provided in his Complaint. He does not make any arguments regarding the Magistrate's Report.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-

00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

In ECF No. 30, Plaintiff complains that he was not granted access to the law library at Lieber Correctional Institution. In support, Plaintiff attaches an inmate staff request stamped August 17, 2018. (ECF No. 30-1 p. 12). From what this Court can decipher, Plaintiff claims that he was not able to research cases supporting his argument that "[t]he SCDC website reflects that Plaintiff is serving periods of incarceration for numerous convictions, which were process illegally through the court." (ECF No. 30 p. 2).

As an initial matter, to the extent this Court would view Plaintiff's "objection" as a motion for an extension of time, the request is now moot given that Plaintiff clearly was able to access the law library after August 17, 2018. Thereafter, Plaintiff was able to make nine more filings containing case citations constituting "objections" with this Court over a span of almost seven months.

In ECF No. 30, Plaintiff references his PCR action filed in Richland County on May 31, 2016 and his 60(b) Motion to be Relieved from Judgment. However, Plaintiff merely makes

arguments to this Court regarding that PCR application and motion in state court. Plaintiff states: "Judge Barber answer was he not able to ruled on the merits in Plaintiff case, cause he doesn't have his records before him, which clearly shows bias towards Plaintiff and favoritism for Defendants." (ECF No. 30 p. 3). Plaintiff goes on in his "objections" to discuss how he tried to write the Supreme Court of South Carolina Office of Disciplinary Counsel; however, the ODC told Plaintiff it did not have authority to intervene in the matter that was presently pending before a court. (ECF No. 30 p. 4). Plaintiff is merely rehashing the history of his case and attempts to obtain post-conviction relief. Again, Plaintiff has not pointed to any errors in the Magistrate's Report.

In ECF No. 32, Plaintiff merely lists questions. For example, Plaintiff states: "Was the Document(s) signed by the Foreperson of the Grand Jury Willie Johnson, in 1993, 1995, and 1997 valid for prosecution?" These questions do not qualify as specific objections because they do not address anything in the Magistrate's Report.

In ECF No. 35, "Plaintiff objects to the typewritten material shown in SCDC website." (ECF No. 35 p. 3). Plaintiff states: "Of course, when anyone view this information they will automatically presumed Plaintiff is guilty." Again, Plaintiff's objection is not specific because it does not address a specific error in the Report. Plaintiff merely claims the SCDC website showing his convictions presumes he is guilty.[4]

---

[4] In any event, to the extent Plaintiff is attempting to object to the Magistrate taking judicial notice of Plaintiff's convictions, this objection is without merit. *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F.Supp.2d 615, 631–33 & n. 14–15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F.Supp.2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

The rest of Plaintiff's extensive filings and attachments are also essentially a rehash of his arguments in his Complaint and thus are not specific objections. Plaintiff's allegations of Defendants' use of false evidence to obtain a warrant and an indictment are constantly repeated in his numerous filings and attachments thereto.

Here, the Magistrate Judge correctly opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's claims are barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. The Magistrate Judge states: "Because Plaintiff's allegations of use of false evidence to obtain a warrant and an indictment, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement in his prosecution, conviction, and/or incarceration on the conviction." (ECF No. 26 p. 4).

Moreover, as Plaintiff has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, the action must be dismissed for failure to state a claim and his claim for monetary damages under § 1983 is barred by *Heck*.[5] *See Heck*, 512 U.S. at 477-78 ("[T]he dismissal of [plaintiff's] §1983 action was correct because [the] courts below found that his damages claims challenged the legality of his conviction.").

---

[5] This Court takes judicial notice of the state court records of Plaintiff's criminal and post-conviction relief proceedings located on the Richland County Fifth Judicial Circuit Public Index website. *See* https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (last visited Apr. 16, 2019). *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("[T]he most frequent use of judicial notice is in noticing the content of court records.").

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Magistrate's recommendation (ECF No. 26). Therefore, this action is dismissed without prejudice as to all Defendants without issuance and service of process.

IT IS SO ORDERED.

April 18, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge